**In re David L. PRUITT and Sea Coast Greenhouses, LLC., Debtor.**

No. 02–01762–A7.

United States Bankruptcy Court, S.D. California.

Jan. 12, 2005.

Richard M. Kipperman, La Mesa, CA, trustee.

---

MEMORANDUM DECISION DENY-ING MOTION FOR RECONSIDER-ATION AND VACATING HEAR-ING DATE

LOUISE DECARL ADLER, Bankruptcy Judge.

## I.

## INTRODUCTION

Richard M. Kipperman, chapter 7 trustee in the above-identified cases ("Trustee"), filed a Motion for Relief from Order and Motion for Relief from this Court's Memorandum Decision and Order thereon entered December 17, 2004 ("Motion"). The Court's Memorandum Decision and Order thereon denied the Trustee's request for enhanced final compensation of $159,185.27 in fees and $2,202.57 in costs which would have equated to paying the Trustee $1,413.63/hr. for his services in this chapter 7 case. Based upon its careful review of the record, the Court awarded the Trustee reasonable final compensation of $41,608.50 and costs of $1,516.61 which it calculated by multiplying the number of hours billed by the Trustee and his staff by their normal hourly rates.

The Motion argues the Court erred in denying the Trustee his enhanced compensation request. For the reasons set forth below, the Motion is denied and the hearing calendared for February 3, 2005, is vacated as improvidently scheduled.

## II.

## ANALYSIS

The Motion was filed within ten days of entry of the December 17, 2004 Order. Therefore, although it seeks relief from the Order pursuant to Fed. Rule Civ. P. 60(b) and Fed. Rule Bankr.P. 9024, the Court will treat it as a motion for reconsideration governed by Fed.R.Civ.P. 59 and Fed. R. Bankr.P. 9023. *See In re Captain Blythers, Inc.,* 311 B.R. 530, 539 (9th Cir. BAP 2004)(indicating a motion brought within ten days of entry of an order is treated as a motion for reconsideration governed by Federal Rule 59(a); whereas a motion filed after the ten-day period of entry of an order is construed as a motion for relief from judgment governed by Federal Rule 60(b)); *see also* Federal Rule 60(b)(indicating this rule applies to a "final" judgment or order).

A court has wide discretion in deciding whether to reconsider its own judgments or orders. *In re JWJ Contracting Co., Inc.,* 287 B.R. 501, 502 (9th Cir. BAP 2002), *aff'd* 371 F.3d 1079 (9th Cir.2004). Reconsideration is appropriate only if the movant demonstrates: 1) a manifest error of fact; 2) a manifest error of law; or 3) newly discovered evidence. *JWJ Contracting,* 287 B.R. at 514. Moreover, if the motion is based upon newly discovered evidence, the movant must show that 1) the evidence was discovered after trial; 2) the exercise of due diligence would not have resulted in the evidence being discovered at an earlier stage; and 3) the newly discovered evidence is of such magnitude that production of it earlier would likely have changed the outcome of the case. *In re La Sierra Financial Serv., Inc.,* 290 B.R. 718, 733 (9th Cir. BAP 2002).

■ The Trustee's Motion assiduously avoids the standards for reconsideration. Instead, the Trustee and his counsel utilize the Motion as a transparent attempt to convey their displeasure with the Court's ruling and to lay before the Court hearsay statements of other counsel which, in this Court's view, are an improper attempt to dissuade the Court from its task of attempting to control excessive fee requests. In supposed support of the criteria for reconsideration, the Trustee's counsel Timothy Truxaw submitted a declaration replete with hearsay ("Declaration"). [Docket # 850] For example:

1. "I received a voicemail message from Mr. Grant stating that he had read the Court's published opinion ... that he was 'flabbergasted' by its contents ... that he did not agree with the Court's memorandum opinion and order ...." [Decl. at 3:21–23] [1]

2. "I spoke with Mr. Grant regarding the Trustee's intention to file a motion for reconsideration of the Order. He again confirmed that his client's decision not to oppose the Trustee's fee applications was made with full knowledge of their contents and implications ...." [Decl. at 3:25–27–4:1]

3. "[H]e [Mr. Grant] specifically recalled from his own personal knowledge the great difficulties the Trustee overcame in his efforts to close the unusually challenging sales of the Paso De Flora and Normandy properties ...." [Decl. at 4:2–4]

4. "Mr. Grant assured me that his client will not oppose the Trustee's motion for reconsideration." [Decl. at 4:4–5]

Further, the Declaration contains no legally cognizable "facts" supporting reconsideration but rather relies on such irrelevancies as, for example:

1. "I was shocked by its [the Memorandum Decision's] contents." [Decl. at 3:7]

2. "I strongly believe that, based on my communications with many of the attorneys and parties in this case, their respective decisions (and those of the United States Trustee) *not* to oppose the Trustee's interim and Final Application were fully-informed, intentional decisions ...." [Decl. at 4:11–15]

3. "The same creditors which bear the financial burden of the Trustee's fees have given no hint of anything but gratitude for the Trustee's level of expertise, the manner in which he served this Estate, and the results obtained." [Decl. at 4:17–19]

In his zeal to point out his displeasure with the Court's decision, Mr. Truxaw has placed himself in a position of being more than an advocate for his client and strayed perilously close to violating California State Rules of Professional Conduct Rule 5–200(E) prohibiting an attorney for improperly vouching for a client's version of the facts in arguing a case to a judge. For all of the above reasons, the Court strikes Mr. Truxaw's entire Declaration in support of the Motion.

What remains in support of the Motion is the Trustee's attestation appended to the Motion itself stating that the statements therein are true and correct to the best of his knowledge, information and belief. [Docket # 849] While that attestation might be sufficient were there any assertion of manifest errors of fact, law or newly-discovered evidence, this Motion is nothing more than an attempt to re-argue the Court's decision.

The Court's decision to deny the Trustee's request for enhanced compensation was based, in part, on findings that this case was a nonoperating chapter 7 liqui-

---

1. Mr. Grant is an attorney who represents a large general unsecured creditor in this case.

dation case; that it was relatively routine in nature in that it primarily involved the sale of real estate in an escalating real estate market; and the fact that in fulfilling his duties the Trustee employed and extensively relied upon numerous professionals all at significant expense to the estate. [Memorandum Decision at 3:4–5:19; 10:11–12:12]

The Motion argues reconsideration is appropriate because the decision was incorrect and manifestly unjust, and the Trustee was "shocked and surprised" by the ruling because, had the Court accepted the Trustee's offer to present additional evidence, he could have presented evidence justifying an enhanced award. [Motion at 5:13–27] Specifically, the Motion argues the decision was based upon incomplete information regarding how other "comparably skilled" practitioners are compensated. This evidence would have been helpful if compensation had been awarded at a rate *less* than the Trustee's normal hourly rate. However, the decision plainly states that the Trustee was compensated on a straight hourly rate basis at his normal billing rates of $325–$350/hr., which rates are slightly higher than the rates of other standing panel trustees and are also higher than the rates charged by the Trustee's own seasoned professionals employed to represent the estate. [Memorandum Decision at 12:1–12 and n. 11]

Moreover, even if the Court had permitted this additional evidence, and even if the Trustee presented evidence of comparably skilled professionals who *customarily* receive $1,413.63/hr. for services in nonbankruptcy, nonoperating real estate cases, this is only *one of the criteria* to evaluate in determining reasonable compensation for a trustee. [*See* Memorandum Decision at 6:15–7:8] The Court would not find this single criteria alters its finding that reasonable compensation for the Trustee's services in this case is his documented hours multiplied by his normal hourly rates.

The claim that the Trustee was surprised by this Court's decision because earlier he had been awarded interim fees without comment is without merit. The granting of the Trustee's first request for interim compensation is not a basis to find the Court's final compensation award was in error. The Motion acknowledges that an interim compensation award is *always* provisional. [Motion at 14:8] Further, the order approving the Trustee's First Interim Fee Application expressly provided it was an *interim* order and it warned that "[a]ll fees and costs allowed by this order may be subject to disgorgement." [Docket # 559] The Trustee has cited no legal authorities indicating that a lesser final fee award is appropriate only in the case of administrative insolvency or malfeasance.

Finally, the Motion states the Court already requested supplemental information concerning the qualifications of John Standly and, upon receipt of this information, it awarded the Trustee interim compensation for Mr. Standly's time. The Motion suggests that having made an interim award which included those charges, the Court's disallowance is somehow unfair. The Court has reviewed Mr. Standly's qualifications set forth in the Trustee's supplemental declaration and finds that his qualifications are those of an "attorney," and he was actually utilized and billed as an "attorney" in this case. [*See* Supplemental Declaration of Richard M. Kipperman filed October 3 at ¶ 25 (Docket # 510); *see also* Second and Final Fee Application at 8:7–8] As set forth in the Memorandum Decision, the law of this Circuit permits a trustee to be compensated for "paraprofessionals" who perform duties of the trustee, but a trustee must employ "professionals"

under § 327. [Memorandum Decision at 12–13]

## III.

## CONCLUSION

The Court reached its ruling in the Memorandum Decision only after careful review of the record, and it was able to review the entire record only upon receipt and review of the final fee applications of Trustee and all of the professionals he hired to assist him in this case. The Court does not believe that any of the above arguments raised in the Motion present an instance of a manifest error of fact or law or newly discovered evidence warranting reconsideration of the Court's order awarding the Trustee compensation for his documented hours multiplied by his normal hourly rate of $325–$350/hr. The Trustee's requested compensation equating to paying the him $1,413.63/hr. is *not* reasonable compensation for this case. Accordingly, the February 3, 2005 hearing is vacated.